Swift River . . . Co. v. Zurich Ins.   CV-95-594-SD   07/10/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Swift River Hafslund Company, et al

            v.                                  Civil No. 95-594-SD

Zurich Insurance Company;
Philadelphia Gear Corporation


O R D E R


     Currently before the court* is defendant Philadelphia Gear

Corporation's (PGC) motion, pursuant to Rule 12(b)(6), Fed. R.

Civ. P., to dismiss Counts VII and IX of the second amended

complaint for failure to state a claim upon which relief can be

granted (document 20).  Count VII of the complaint alleges

negligence; Count IX alleges a violation of the New Hampshire

Consumer Protection Act, New Hampshire Revised Statutes Annotated

358-A, et seq. (1995).  Plaintiffs oppose PGC's motion to dismiss

with respect to Count IX only.

     PGC attached copies of plaintiffs' answers to

_____

     *The court additionally has before it Zurich Insurance
Company's (ZIC) motion to dismiss certain counts from plaintiffs'
amended complaint (document 6) and ZIC's motion to dismiss
certain counts from plaintiffs' second amended complaint
(document 19).  Insofar as plaintiffs' amended complaint has been
superseded by their second amended complaint, ZIC's June 27,
1995, motion to dismiss (document 6) is herewith denied as moot.

interrogatories to its reply memorandum in support of its motion to dismiss Count IX and requests that the court either dismiss Count IX for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) or "enter summary judgment in favor of PGC on Count IX." See PGC's Reply Memorandum at 10. As matters outside the pleadings have been presented to the court (and as PGC has itself recharacterized its motion as one for summary judgment), the court herewith converts PGC's motion to dismiss (document 20) into a motion for partial summary judgment. See Rule 12(b), Fed. R. Civ. P. Plaintiffs may submit any additional materials relating to their objection to PGC's motion for partial summary judgment by 4:30 p.m. on Monday, July 29, 1996.

    SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

July 10, 1996

cc:  John S. Whitman, Esq.
     Jonathan M. Flagg, Esq.
     William R. Black, Esq.
     Dennis D. Fitzpatrick, Esq.
     Michael Lenehan, Esq.
     Kevan F. Hirsch, Esq.
     Philip A. Brouillard, Esq.